**FILED**
FEB 20 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

COMPLETED
FEB 12 2007

RETURN TO SENDER

___ INMATE UNKNOWN    ___ NO INMATE BY THIS SPELLING
___ INMATE RELEASED   ___ ENCLOSURE UNAUTHORIZED
___ CORRESPONDENCE REFUSED

James Jones
SBI# 446474
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19809

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES JONES a/k/a Blane Neely, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-598-GMS |
| | ) |
| RUTH ANN MINNER, CARL C. | ) |
| DANBERG, and PETER N. LETANG, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff James Jones ("Jones), an inmate at the Howard R. Young Correctional filed this action pursuant to 42 U.S.C. §§ 1981, 1983m 1985 and 1986. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint will be dismissed without prejudice for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff's motion for appointment of counsel will be denied.

### I. THE COMPLAINT

The plaintiff alleges that Delaware state officials transferred him from Pennsylvania to Delaware in knowing violation of the terms of the Interstate Agreement on Detainers Act ("IAD"), Article IV, V(a) and V(c), the Due Process Clause, and the Equal Protection Clause. He asks for $1,000 per day while he is held in Delaware, or in the alternative, that he be returned to the custody of the Pennsylvania Department of Corrections.

### II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Habeas Corpus

To the extent that the plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed

-2-

on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 312 U.S. 477, 487 (1994). In this case, the plaintiff has not alleged that his conviction or sentence was reversed or invalidated as provided by *Heck*. Additionally, violations of the IAD are cognizable in federal habeas corpus because the IAD is a "law of the United States" for purposes of 28 U.S.C. § 2254. *McCandless v. Vaughn*, 172 F.3d 255, 263 (3d Cir. 1999) (citations omitted). Accordingly, the Court will dismiss the claim to the extent that it is based on the fact or duration of his confinement.

### B. Respondeat Superior

Plaintiff names as Defendants the Governor of the State of Delaware and former Attorney General Carl Danberg ("Danberg") apparently on the basis of respondeat superior. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

The complaint contains no allegations against the foregoing supervisory officials. The complaint does not allege that these defendants were the "driving force [behind]" plaintiff's alleged constitutional violations or that they were deliberately indifferent to his plight. Even construing the complaint in the light most favorable to the plaintiff, as the court must do, it is

-3-

evident that Governor Minner and Danberg were named as defendants solely because of their supervisory/administrative positions. Accordingly, the court will dismiss the claims against them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

### C. Prosecutorial Immunity

As discussed above, former Delaware Attorney General Danberg is named as a defendant, as is Peter N. Letang ("Letang"), a Deputy Attorney General for the State of Delaware. Other than in the listing of defendants, there is no mention of Danberg and Letang in the plaintiff's statement of claim. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Here, the complaint does not adequately apprise Danberg and Letang of the actions they allegedly took to deprive the plaintiff of his constitutional rights.

To the extent that Danberg and Letang are named as defendants because of their role as a prosecutors, they have absolute immunity for all activities relating to judicial proceedings. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Additionally, prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. *Id.* at 430. Prosecutors have absolute immunity for activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out of court behavior "intimately associated with the judicial phases" of litigation *Id.*

As previously mentioned, the complaint contains no allegations concerning Danberg and Letang's actions as prosecutors. The claim against them has no arguable basis in law or in fact, and is frivolous. The court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

### D. 42 U.S.C. § 1981, 1985, 1986

In one sentence in the complaint, plaintiff alleges that his civil rights were violated pursuant to 42 U.S.C. § 1981, 1983, 1985, and 1986. As discussed above, the claims brought pursuant to § 1983 are frivolous. The plaintiff also fails to state a claim under § 1981, 1985 and 1986.

Section § 1981 forbids discrimination on the basis of race in the making of public and private contracts. *See St. Francis College v. Al-Khazraji,* 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.,* 192 F.3d 378, 385 (3d Cir. 1999). The complaint contains no such allegations. The § 1981 claim is frivolous and the court will dismiss the claim.

Section 1985 is enlisted when alleging a conspiracy. The Supreme Court has interpreted § 1985(3) and the second clause of 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge,* 460 U.S. 719, 725 (1983). It is a well settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726. Plaintiff fails to state a cause of action for conspiracy under § 1985. He does not mention the word conspiracy. Moreover, he fails to allege any facts from which one could infer an agreement or understanding among Defendants to violate his constitutional rights, or to discriminate against him under § 1985.

Finally, the plaintiff fails to state a claim under § 1986. A cognizable 42 U.S.C. 1985 claim is a prerequisite to stating a claim under § 1986 . *Robison v. Canterbury Vill., Inc.,* 848

F.2d 424, 431 n. 10 (3d Cir.1988); *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976). Because the plaintiff has not properly pled a § 1985 violation under any viable legal theory, the Court will also dismiss his § 1986 claim.

### IV. APPOINTMENT OF COUNSEL

Plaintiff moves for appointment of counsel to assist him with discovery and to expedite the litigation. (D.I. 6.) The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court *sua sponte.*" *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). It is within the Court's discretion to seek representation by counsel for Plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

The present case has no basis in law or fact and is not a meritorious case. Therefore, the Court will deny the Motion For Appointment Of Counsel. (D.I. 3.)

### V.   CONCLUSION

For the above stated reasons the court finds that the complaint is frivolous and fails to state a claim upon which relief may be granted. The Court will deny the motion for appointment

of counsel. An appropriate order will be entered dismissing the case.

_____
UNITED STATES DISTRICT JUDGE

_Feb 9_, 2007
Wilmington, Delaware

FILED
FEB - 9 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES JONES a/k/a Blane Neely, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-598-GMS |
| | ) |
| RUTH ANN MINNER, CARL C. | ) |
| DANBERG, and PETER N. LETANG, | ) |
| | ) |
| Defendant. | ) |

## ORDER

At Wilmington this 8th day of Feb, 2007, for the reasons set forth in the Memorandum issued this date

1. The motion for appointment of counsel (D.I. 6) is denied.

2. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE



FILED

FEB - 9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

FILED
FEB 20 2007

COMPLETED
FEB 12 2007

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

OFFICE OF THE CLERK
## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

**FILED**
FEB 20 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned in

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

TO: **MAILROOM PERSONNEL RESPONSIBLE FOR DELIVERING MAIL TO INMATES**

Enclosed you will find an envelope addressed to an inmate. When the envelope is delivered to the inmate, please have the inmate fill in the date at the place provided on the acknowledgment form directly below these instructions, and have the inmate sign their name to acknowledge that they received the correspondence. The person delivering the mail should then sign on the line designated for "Witness." If an inmate should contend they never received a communication from the Court, production or non-production of the receipt will be considered by the Court in disposing of the inmate's contention. *For this reason, mailroom personnel are cautioned to organize, file and save the receipts so that the same can be readily found if the issue should arise.* The operating head of each institution is aware of this procedure. **PLEASE DO NOT SEND COMPLETED RECEIPTS TO THE DISTRICT COURT.**

-----------------------------------------------------------------

### ACKNOWLEDGMENT OF RECEIPT OF MAIL

I, _____, do acknowledge by my signature below, that I received on _____, an envelope from the U.S. District Court for Delaware, containing:

_____

_____

issued by the Court on _____


_____          _____
        (Witness)                          (Recipient)

James Jones
SBI# 416474
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19809

FILED
FEB 20 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned

**Utility Events**
1:06-cv-00598-*** Jones v. Minner et al
PaperDocuments

## U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered on 2/8/2007 at 4:49 PM EST and filed on 2/8/2007
**Case Name:**       Jones v. Minner et al
**Case Number:**     1:06-cv-598
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Case reassigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb)


**1:06-cv-598 Notice has been electronically mailed to:**

**1:06-cv-598 Notice has been delivered by other means to:**

James Jones
SBI# 416474
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19809